CORA ADELIA CARPENTER, Respondent, v. GEORGE T. PARKER, Appellant.

St. Louis Court of Appeals, December 10, 1895.

Agency: VERBAL ACCURACY OF INSTRUCTIONS. The evidence for the plaintiff tended to establish the existence of an authority exercised by an agent of the defendant, while that of the defendant established the existence of an unfulfilled condition to the exercise of the authority *Held*, that an instruction which authorized a recovery by the plaintiff if the jury believed from the evidence that the agent had full authority to act, but which contained no express reference to the condition, was not misleading, all the more since the effect of the condition was properly submitted to the jury by other instructions.

*Appeal from the St. Louis City Circuit Court.*—Hon. Daniel Dillon, Judge.

Affirmed.

John C. Orrick, W. Palmer Clarkson, and Allen C. Orrick for appellant.

Albert C. Davis for respondent.

Bond, J.—Plaintiff sues for a breach of a covenant of indefeasible seizin, contained in a warranty deed for two city lots made to her by defendant. The answer was a general denial. On the trial it was shown that the defendant left his deed to said property containing the covenant sued on in the hands of Gleason, a real estate agent, and, according to plaintiff's evidence, said to her husband, who was her agent, to wit: "I will leave this matter for Mr. Gleason to close the thing. As soon as the property is transferred from Morton to me, Gleason will close up the deal with you." According to defendant's testimony the language used by him was, to wit: "That Gleason had authority to deliver the deed after I (defendant) had acquired title from Morton." At the time the deed was left in Gleason's hands it appeared that defendant was the vendee of the property from Morton, but had not acquired full title from his vendor. The undisputed facts show that, some time after the matter was thus placed in Gleason's hands, he notified the plaintiff that he was ready to consummate the trade for the property bought by her from defendant, whereupon plaintiff and her husband went to Gleason's office and paid, in cash and by notes, the consideration shown in defendant's deed, and received the same and caused it to be recorded; that, about six months thereafter, plaintiff discovered that defend-

ant had not received any title to the property conveyed to her from his grantor, Morton; that plaintiff was not put in possession of the property and had no title thereto, except the deed to her from defendant. The evidence also showed that Gleason did not turn over to defendant the consideration received by him for the delivery of defendant's deed to plaintiff, but defendant in his suit against Gleason had embraced the amount paid him by plaintiff with other causes of action. A verdict and judgment was rendered for plaintiff for the purchase money and interest, from which defendant appeals.

The first error assigned relates to the instruction given by the court on behalf of plaintiff, wherein the jury were told in substance that, if defendant's deed was left in the hands of Gleason as his agent with full authority to deliver the same to plaintiff upon compliance on her part with the terms of purchase, then the plaintiff could recover upon showing that in reliance upon such authority she complied with the trade. Appellant's objection to this instruction is that it ignores the theory of the case arising upon his evidence, that he notified plaintiff's agent of the limitation of Gleason's authority to deliver the deed until after he had acquired title from his vendor. This objection is untenable. The instruction conditions the right to recover upon the negation of any limitation in the authority given Gleason; for it is clear that the jury could not find *full authority* in the agent to deliver the deed without also finding that there was no limitation upon his authority in the matter in question. In addition to the fact that the issue raised by the evidence on behalf of defendant was necessarily involved in the foregoing instruction given on behalf of plaintiff, it was also explicitly submitted to the jury in instructions 1 and 2 given on the request of defendant, wherein the jury were told that,

State to use v. Murphy.

if they found plaintiff or her agent knew at the time the deed in suit was delivered that Gleason had no authority to deliver the same until he had received the deed from Morton to defendant, then plaintiff could not recover in this action. Thus implicitly and explicitly all the issues between the parties were submitted to the jury.

The only other point made in appellant's argument relates to the sufficiency of the evidence to support the finding of the jury. Plaintiff's husband, to whom defendant claims he gave notice of want of authority in Gleason to deliver the deed until a certain contingency, denied that he was informed of any such limitation, and claimed, on the other hand, that he understood from defendant that Gleason was the latter's agent with full power to close the trade. It is admitted that defendant claimed the money which plaintiff paid Gleason in exchange for the deed, and brought suit therefor against Gleason. Under all these facts it can not be said there was not substantial evidence that Gleason was authorized to act fully for the defendant in the delivery of the .deed. The court, therefore, properly overruled defendant's demurrer to the evidence. The judgment herein will, therefore, be affirmed. All concur.